UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LILY TOUCHSTONE, LLC, | Case No. 2:16-CV-2559 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| NATIONAL DEFAULT SERVICING CORPORATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss. (ECF No. 4). Original plaintiff Toshiko Sato filed a response (ECF No. 13), to which Wells Fargo replied (ECF No. 15).

**I. Facts**

This case involves a dispute over real property located at at 1321 Chapparal Summit Drive, North Las Vegas, NV 89117 (the "property"). On March 29, 2006, Bjorn Losnedahl and Lindsey Whitlock ("borrowers") obtained a loan from Wells Fargo in the amount of $339,990.00 to purchase the property, which was secured by a deed of trust recorded on April 3, 2006.

Thereafter the borrowers conveyed all interest in the property to Losndehal via quitclaim deed recorded July 14, 2011. The deed of trust was assigned to Wells Fargo via assignment deed recorded November 2, 2011.

On October 1, 2014, Losnedahl filed for Chapter 7 bankruptcy. On May 12, 2015, Losnedahl's bankruptcy trustee moved to sell the property, which Wells Fargo opposed. On July 7, 2015, the bankruptcy court entered an order granting a motion to sell the property subject to all liens, encumbrances, and claims. On July 14, 2015, S&N Investments, LLC ("S&N") acquired

the property via bankruptcy trustee's quitclaim deed recorded on July 17, 2015. On July 18, 2015, S&N convyed the property to Sato via grant, bargain and sale deed recorded on Spetember 21, 2015.

Wells Fargo substituted defendant Nevada Default Services Corporation ("NDSC") as trustee via substitute of trustee in deed of trust recorded April 11, 2016.

On May 23, 2016, NDSC, as trustee, recorded a notice of notice of breach and default and election to cause sale of real property. On August 30, 2016, NDSC recorded a notice of sale, stating that the property was to be sold on September 23, 2016, to satisfy Wells Fargo's lien on the sale date, totaling $347,384.58.

On August 31, 2016, Sato's counsel allegedly wrote Wells Fargo a letter to settle the indebtedness against the property. Sato filed the instant action and notice of lis pendens on the property to prevent the sale. On September 21, 2016, Sato convey the property to Lily Touchstone, LLC ("Lily") via quitclaim deed.

The original complaint was filed in state court on September 13, 2016. (ECF No. 1-1). Wells Fargo removed the action to federal court on November 4, 2016. (ECF No. 1). The complaint alleges three causes of action: (1) violation of NRS 107.080; (2) declaratory relief; and (3) unjust enrichment. (ECF No. 1-1).

On December 12, 2016, the parties stipulated to substitute Lily as plaintiff in place of Sato and modify the caption to reflect the real party in interest Lily, which the court granted on January 17, 2017. (ECF Nos. 12, 17).

In the instant motion, defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## III. Discussion

### A. NRS 107.080

The complaint alleges that the notices failed to describe the deficiency in performance or payment and that defendants never provided Sato the required notice of default or notice of sale in violation of NRS 107.080. (ECF No. 1-1 at 6).

Subsection (3) of NRS 107.080 states that the notice of default must be mailed "to the grantor or, to the person who holds the title of record on the date the notice of default and election to sell is recorded . . . ." Nev. Rev. Stat. § 107.080(3). Pursuant to NRS 107.080(3)(a), the notice of default must "[d]escribe the deficiency in performance or payment." Nev. Rev. Stat. § 107.080(3)(a). The statute does not require a specific dollar amount necessary to cure the deficiency. Nev. Rev. Stat. § 107.080(3).

The statute allows the notice of default to be mailed to either the grantor or the record holder. Here, the complaint fails to allege that the notice of default was not mailed to the grantor.

Further, the notice of default states that "[t]he installments of principal and interest which became due on 08/01/2014 and all subsequent installments of principal and interest through the date of this Notice . . . must be paid as a condition of reinstatement." (ECF No. 1-1 at 23–24). This description of the deficiency sufficiently identifies the deficiency for purposes of NRS 107.080(3)(a). *See, e.g.*, *Godino v. Countrywide KB Home Loans*, No. 2:11-CV-1216 JCM PAL, 2011 WL 6131602, at *3 (D. Nev. Dec. 8, 2011).

Finally, the bankruptcy court instructed that the bankruptcy quitclaim deed did not affect Wells Fargo's interest in the property. S&N was aware of the first lien holder and notice of default when it purchased the property, as was Sato. Accordingly, the court will dismiss, without prejudice, the complaint's first cause of action for violations of NRS 107.080

### B. Declaratory Relief

A claim for declaratory relief is a remedy, not a cause of action. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The declaratory relief remedy derives from the substantive claims for relief. *Roberts v. McCarthy*, No.

2:11-CV-00080-KJD, 2011 WL 1363811, at *4 (D. Nev. Apr. 11, 2011). Accordingly, claim two will be dismissed without prejudice.

### C. Unjust Enrichment

The complaint alleges that Sato has paid all expenses, taxes and insurance and has maintained the property. (ECF No. 1-1 at 11). The complaint further alleges that defendants "will be" unjustly enriched by obtaining all proceeds from the sale of the property. (ECF No. 1-1 at 11).

Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortgage & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981); *see also Asphalt Prods. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995). To state an unjust enrichment claim, a plaintiff must plead and prove three elements:

> (1) a benefit conferred on the defendant by the plaintiff;
> (2) appreciation by the defendant of such benefit; and (3) an acceptance and retention by the defendant of such
> (3) benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.

*Takiguchi v. MRI Int'l, Inc.*, 47 F. Supp. 3d 1100, 1119 (D. Nev. 2014) (citing *Unionamerica Mortg. & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981)). However, where there is an express contract, an unjust enrichment claim is unavailable. *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975,* 942 P.2d 182, 187 (Nev. 1997) (finding that the existence of an expressed, written agreement bars an unjust enrichment claim because there can be no implied agreement).

Here, the unjust enrichment claim is not ripe because Sato's damages are hypothetical as the foreclosure sale has not taken place. Further, Sato is no longer the plaintiff in the action as Lily was substituted in as plaintiff pursuant to the parties' stipulation.

Accordingly, the court will dismiss the unjust enrichment claim without prejudice.

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 5 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wells Fargo's motion to dismiss (ECF No. 4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the complaint (ECF No. 1-1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

The clerk is instructed to close the case.

DATED April 12, 2017.

                                                      UNITED STATES DISTRICT JUDGE